**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JACK H. GORLACK, ) | Case No. EDCV 05-00239-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### I.  Factual and Procedural Background

This is an action for judicial review of the Defendant's denial of Plaintiff's application for Social Security Disability Insurance Benefits ("SSDI"), pursuant to Title II of the Social Security Act (hereinafter, the "Act"). Plaintiff filed his application on April 19, 2002. (Administrative Record ("AR") at 42-44).[1]  He asserts that he became unable to work on May 15, 1988, after a work-related accident in

---

[1] Plaintiff filed an earlier application for benefits that was abandoned or dismissed on May 5, 1992. (AR at 53, 100).  A subsequent application for supplemental security income disability benefits under Title XVI of the Act was denied in an initial determination dated February 14, 1996, finding Plaintiff not disabled. (AR at 53). *See* 20 C.F.R § 416.920(a)(4)(v) (2005).

which he was injured by falling into a freezer. Plaintiff claims that he cannot presently work because of bodily pain, inability to grip forcefully, bad headaches, and depression. (AR at 282-85).

The application was denied initially and upon reconsideration. (AR at 20-23, 25-28). A de novo hearing was held in San Bernardino, California, on April 20, 2004, before Administrative Law Judge ("ALJ") David L. Wurzel. (AR at 261-310). Plaintiff, who was represented by counsel, testified at the hearing. A vocational expert also testified. The ALJ issued an unfavorable decision on May 6, 2004. (AR at 7-13). The ALJ found that Plaintiff was fully insured for disability insurance benefits at the time of his alleged onset date of May 15, 1988 and remained so insured through December 31, 1990, but not thereafter. (AR at 11).

The ALJ followed the five-step sequential evaluation for determining disability under 20 C.F.R. § 404.1520. At step one, the ALJ found that during the period 1999-2000, Plaintiff performed substantial gainful activity that did not constitute an unsuccessful work attempt. He worked full-time for six months at a warehouse pulling orders for automotive parts and restocking returned items. He worked on his feet, lifting 50 to 75 pounds. He lost his job because he did not pass the company's physical examination. Plaintiff would have continued his employment had his employer been willing to retain him on the job. In fact, the ALJ found that Plaintiff "tried hard" to persuade his employer to retain him and had the support of a supervisor. (AR at 12).

The ALJ found that since the Plaintiff performed substantial gainful employment in 1999-2000, he was entitled at most to a closed period of disability beginning on his alleged onset date of May 15, 1988, and ending in 1999 when he began working full time. (AR at 12)

However, the ALJ found that regulations require that a Title II application be filed within 12 months of the end of a closed period of disability. 20 C.F.R. § 404.320(a)(3). Thus, the ALJ found that the performance of substantial gainful employment after expiration of insured status and more than 12 months before the date of the application precludes an award of benefits under the Act and regulations. The ALJ further found that because Plaintiff's six months of substantial gainful employment began in 1999, it necessarily ended some time before July 1, 2000. Plaintiff therefore had twelve months from that date, to July 1, 2001, in which to file his application for benefits. Plaintiff did not file his application until April 19, 2002, more than nine months late under the regulations.

The ALJ noted that the regulations provide for an extension of the 12-month filing deadline for up to 36 months, where one is "unable to apply" due to a physical condition "that limited [the applicant] to such an extent that [the applicant] could not complete and sign an application," or due to "mental incompetence." 20 C.F.R. § 404.320(a)(3); 404.322. The ALJ found that nothing in the record suggested any such physical or mental inability. He stated that there was nothing that indicated that Plaintiff's depression ever rose to the level of a major depressive disorder. (AR at 12). On the contrary, the ALJ found that the objective testing and clinical findings were "unimpressive." (AR at 12). Consequently the ALJ found that the expiration of insured status on December 31, 1990, together with his performance of substantial gainful activity during the period of 1999-2000 and unexcused delay in filing his Title II application until April 19, 2002, precluded an award of disability insurance benefits under Title II of the Social Security Act.

On May 24, 2004, Plaintiff timely filed a Request for Review of the Hearing decision. (AR at 6). The Appeals Council denied review on February 3, 2005. (AR at 3-5). Thus, the ALJ's decision became the final decision of the Commissioner.

Plaintiff commenced this action for judicial review on March 25, 2005. The parties filed a Joint Stipulation of disputed issues on November 9, 2005, in which Plaintiff raises the following arguments:

1. The ALJ inappropriately concluded that the Plaintiff did not have a mental impairment that would have interfered with Plaintiff's ability to file his application for Social Security Disability.

2. The ALJ inappropriately considered the opinion of Plaintiff's treating physician.

Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further development of the record. (Joint Stipulation at 10). The Commissioner requests that the ALJ's decision be affirmed. *Id*. The Joint Stipulation has been taken under submission without oral argument.

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might

accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. Discussion**

Plaintiff was born on June 15, 1949. (AR at 42). He completed the eleventh grade and three months of the twelfth grade, after which he completed four years of technical training in automotive repair. He understands, speaks, reads and writes English. (AR at 11). He served in the military from June 18, 1969 until June 17, 1971, and received an honorable discharge.

Plaintiff first asserts that the ALJ's finding that there was nothing in the record indicating that Plaintiff's depression ever rose to the level of a major depressive disorder was erroneous. This error supposedly resulted in an erroneous finding concerning Plaintiff's mental competence to file a timely application. The ALJ found, "There is a reference to 'depressive disorder, NOS' in a 'problems' list at a Veterans Administration treatment facility in July 2001. . . But there is nothing indicating that his depression ever rose to the level of major depressive disorder." (AR at 12). Plaintiff asserts that he was diagnosed with "Major Depressive Disorder, Single Episode" on February

15, 2002. (AR at 238). Plaintiff states that if the ALJ had been aware of the evidence indicating that Plaintiff was diagnosed with Major Depression, his decision regarding Plaintiff's mental competence as a basis for excusing the untimely filing would have been materially effected. Plaintiff requests remand so that the ALJ may properly consider the Plaintiff's condition and its impact upon an extension of the 12 month filing deadline requirement.

Plaintiff's contentions are without merit. Although it is true that Plaintiff was diagnosed with a major depressive disorder on February 15, 2002, this diagnosis did not occur until well after the deadline for filing: July 1, 2001. Moreover, this diagnosis alone does not constitute evidence of Plaintiff's incompetence to complete and sign an application for SSDI before July 1, 2001, a requirement for excusing the untimely filing. Thus, the Court finds that the ALJ correctly held that Plaintiff's April 2002 SSDI application was untimely. *See* 20 C.F.R. §§ 404.320(a), 404.322 (2005).

Plaintiff further alleges that the ALJ erred in disregarding the opinion of Plaintiff's treating physician, Lee Ann Ornelas and her Global Assessment of Functioning (GAF) evaluation. (Joint Stipulation at 7) (AR at 238). On February 15, 2002, Dr. Ornelas diagnosed Plaintiff with Major Depressive Disorder, Single Episode, noting that he had suicidal ideation with plan but without means, felt worthless, had a present GAF score of 50 and that the highest GAF score of the past year was 55. (AR at 238).[2]

---

[2] A GAF score of 50 means: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." A GAF score of 55 means "Moderate symptoms (e.g., flat effect and circumstantial speech, occasional panic

In arguing that this is additional evidence of Plaintiff's incompetence, Plaintiff notes that as "general rule," more weight should be afforded to the opinion of a treating physician than to doctors that do not treat the claimant. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). Plaintiff further asserts that "to reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so." *Id.* This argument is also without merit.

First, a GAF rating reflects a temporal assessment of an individual's condition. *See DSM-IV* 33. Where there is no evidence of any salient facts which would justify assigning a GAF score of 50-55, the ALJ's failure to mention it does not warrant reversal as a GAF score, standing alone, is not significantly probative of the severity of a claimant's impairment. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).

Moreover, Dr. Ornelas's February 15, 2002 report diagnosing major depression does not undermine the ALJ's finding that the Plaintiff was mentally competent to file an application for SSDI benefits on or before July 1, 2001. (AR at 12). The ALJ was not required to address this report, because it was irrelevant to the issue of competence on or before the end of the 12 month period mandated for filing an application. 20 C.F.R. §§ 404.320(a), 404.322 (2005).

The treating physician rule is thus inapplicable. The issue that the ALJ had to determine was not whether Plaintiff was disabled, but rather, whether he was mentally competent to file his application on or before July 1, 2001. Plaintiff produced no evidence that he was

---

attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers)."

incompetent during the relevant time frame at the hearing nor before this court. Accordingly, the Commissioner's final decision is supported by substantial evidence. *See* 20 C.F.R. § 404.320(b)(3).

## IV. Conclusion

Based upon the applicable legal standards, the court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED** and that this matter is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 9, 2005                    */S/ Marc L. Goldman*

```
                                            _____
                                            MARC L. GOLDMAN
                                            United States Magistrate Judge
```